UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOEL  D.  CLARK,  JR.  ,
individually, NOEL D. CLARK,
JR. , as sole trustee of the
Green Thumb Farm Trust, and
B.      LYNN      CALLAWAY,
individually,

      Plaintiffs,

v.                            Case No: 2:13-cv-794-FtM-29DNF

ASHLAND,  INC.,  a  Delaware
corporation,

      Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #8) filed on December 26, 2013.  Plaintiff filed a Response (Doc. #13) on February 18, 2014.  For the reasons set forth below, the motion is granted.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

## II.

Plaintiffs B. Lynn Callaway, individually, and Noel D. Clark, Jr., individually and as the sole trustee of the Green Thumb Farm Trust (the "Trust"), brought this action against Ashland, Inc. for damages allegedly sustained as result of environmental contamination on a piece of property owned by the Trust. Plaintiffs allege that the property, formally a Gulf Naval Stores facility used for turpentine extraction, was purchased by Hercules, Inc. in the early 1970's.  Before selling the property, Hercules disposed of and abandoned hazardous and toxic chemicals on the property, leaving behind a site contaminated with mounds of solidified waste.  Hercules merged with Ashland in 2008.

The Trust, having no knowledge of any environmental problems, purchased the property in 2001, and Clark and Callaway subsequently moved onto the property.  Plaintiffs learned of the contamination on the property in 2008 when they were contacted by the Florida Department of Environmental Protection (FDEP) and when "Hercules/Ashland" began a site investigation.  Plaintiffs claim that Hercules/Ashland made fraudulent misrepresentations regarding the conditions of the contaminated site and falsely stated that plaintiffs would be compensated for the remediation process.

Plaintiffs initiated this action against Ashland on November 12, 2013, by filing a twelve-count Complaint asserting the

following claims: fraud (Count I); strict liability: violation of the Florida Pollutant Discharge and Control Act (Count (II); private nuisance (Count III); trespass (Count IV); negligence per se (Count V); negligence (Count VI); negligent failure to warn (Count VII); wanton misconduct (Count VIII); "tort personal injury to plaintiff B. Lynn Callaway" (Count IX); "tort personal injury to plaintiff Noel D. Clark, Jr." (Count X); equitable relief (Count XI); and punitive damages (Count XII).

### III.

Ashland asserts that the Complaint should be dismissed because plaintiffs have not alleged that Ashland committed any wrongdoings nor have they alleged a single fact to pierce the corporate veil or otherwise impute liability to Ashland.  In response, plaintiffs assert that they are not required to pierce the corporate veil because Ashland's representatives participated in the wrongdoings identified in the Complaint.  Plaintiffs' argument only pertains to Count I.

After reviewing the Complaint, the Court finds that plaintiffs have failed to adequately identify the purported misconduct of Ashland because plaintiffs have indiscriminately lumped Hercules and Ashland together.  Plaintiffs assert that representatives from Hercules and Ashland contacted them in 2008 and made numerous misrepresentations regarding the contamination

on the property.  Because plaintiffs are proceeding pro se, their pleadings receive a liberal construction.  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).  However, a complaint alleging fraud, such as plaintiffs, must comply with the heightened pleading requirements of Rule 9(b), which requires a complaint "to state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  See also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1064 (11th Cir. 2007).

"In a complaint subject to Rule 9(b)'s particularity requirement, plaintiffs retain the dual burden of providing sufficient particularity as to the fraud while maintaining a sense of brevity and clarity in the drafting of the claim, in accord with Rule 8."  Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1278 (11th Cir. 2006).  "The particularity requirement of Rule 9(b) is satisfied if the complaint alleges 'facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them.'"  United States ex rel. Matheny v. Medco Health Solutions, Inc., 671 F.3d 1217, 1222 (11th Cir. 2012) (quoting Hopper v. Solvay Pharms., Inc., 588 F.3d 1318, 1324 (11th Cir. 2009) (internal quotation marks and

citations omitted)). Thus, it is sufficient to plead the who, what, when, where, and how of the allegedly false statements. Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006) (citations omitted).

Here, plaintiffs broadly allege in Count I that the fraudulent statements were made by Hercules/Ashland. By lumping Hercules and Ashland together, plaintiffs have failed to comply with the particularity requirements of Rule 9. Thus, dismissal of Count I is warranted.

Plaintiffs also assert that the Ashland is liable for the pollution and harm caused by Hercules, but have failed to allege a basis for such liability. The SEC filings attached to Ashland's motion to dismiss reveal that Ashland acquired the stock of Hercules in 2008, and, since that time, Hercules has been a wholly owned subsidiary of Ashland.[1] (Docs. ## 8-2, 8-3.) In United States v. Bestfoods, 524 U.S. 51, 61 (1998), the Supreme Court recognized that liability for environmental harm can be imposed either on an "owner" or an "operator" of a facility. Plaintiffs

---

[1]Considering matters of public record, such as SEC filings, does not convert a motion to dismiss to a motion for summary judgment. Universal Express, Inc. v. SEC, 177 F. App'x 52, 53 (11th Cir. 2006) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999))

do not allege that Ashland operated the Gulf Naval Stores facility nor can they.  Thus, Ashland can only be held liable as an owner.

"It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries."  Bestfoods, 524 U.S. at 61 (quoting Douglas & Shanks, *Insulation from Liability Through Subsidiary Corporations*, 39 YALE L.J. 193, 193 (1929)).  Thus, Ashland can only be subjected to liability for the pollution caused by Hercules if the corporate veil can be pierced.  Atlanta Gas Light Co. v. UGI Utilities, Inc., 463 F.3d 1201, 1204 (11th Cir. 2006).  Plaintiffs allege that Ashland is liable for the alleged misconduct of Hercules, but have not attempted to pierce the corporate veil or otherwise impute liability to Ashland.  Because plaintiffs have not alleged that Ashland owned the property, operated the property, caused or contributed to the alleged contamination on the property, or otherwise engaged in any act or omission that caused them damage, the remaining counts in the Complaint will be dismissed without prejudice.

## IV.

Plaintiffs move to strike the "Preliminary Statement" in defendant's Initial Disclosures, but have failed to provide the

Court with a copy of the document.  Because the Court is unable to review the statement, the motion is denied.

**V.**

In federal courts, "parties may plead and conduct their own cases personally or by counsel," 28 U.S.C. § 1654, but cannot "represent[] . . . the interest of others," <u>Timson v. Sampson</u>, 518 F.3d 870, 873 (11th Cir. 2008).  Non-natural persons or artificial entities such as corporations, partnerships, associations, and trusts, may appear in federal court only through licensed counsel. <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 201-02 (1993). <u>See</u> <u>also</u> Local Rule 2.03(e).  Clark, as the sole trustee of the Green Thumb Farm Trust, is not permitted to represent the Trust. Failure to obtain counsel will result in the dismissal of the claims brought by the Trust.

Accordingly, it is now

**ORDERED:**

1.    Defendant's Motion to Dismiss (Doc. #8) is **GRANTED** and the Complaint is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

2.    Plaintiffs' Motion to Strike (Doc. #27) is **DENIED.**

3.    Within thirty (30) days from the date of this Opinion and Order, the Green Thumb Farm Trust shall retain counsel and have counsel file a notice of appearance.   If no notice of

appearance is filed within this time frame, the Court will dismiss the claims brought by the Trust.

     **DONE AND ORDERED** at Fort Myers, Florida, this   27th   day of May, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Pro se parties
Counsel of record

9