UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOEL D. CLARK, JR., individually,

     Plaintiff,

v.                         Case No:  2:13-cv-794-FtM-29MRM

HERCULES INC.,

     Defendant.

_____/

**ORDER**

Pending before the Court is Defendant Hercules Inc.'s ("Hercules") Motion to Compel Discovery Responses from Plaintiff and for a Case Management Conference (Doc. 247) filed on May 19, 2017. Plaintiff, proceeding *pro se*, filed a response (Doc. 248) on May 31, 2017. This matter is ripe for review.

In its Motion, Defendant seeks an order (1) compelling Plaintiff "to provide full and complete answers" to Defendant's amended First Set of Interrogatories and (2) "scheduling a case management conference to address the matters concerning the scope and timing of discovery that have arisen in connection with [Plaintiff's] non-compliance with his discovery obligations." (Doc. 247 at 1). The Court addresses each issue below.

I.     **Defendant's Interrogatories**

A.     **Legal Standard**

Fed. R. Civ. P. 26(b)(1), as amended effective December 1, 2015, governs the scope of discovery in civil cases. The rule states that generally:

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense and proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added). A party may file a motion to compel discovery pursuant to Fed. R. Civ. P. 37(a). Rulings on motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. *See NetJets Aviation, Inc. v. Peter Sleiman Dev. Grp., LLC*, No. 3:10-cv-483-J-32MCR, 2011 WL 6780879, at *2 (M.D. Fla. Dec. 27, 2011) (citing *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984)).

Notably, "[t]he recent changes to the Federal Rules of Civil Procedure (in particular, Rule 26), although substantive and substantial, do not change the definition of relevance." *Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 676 n.4 (S.D. Ga. 2016). The scope of permissible, relevant discovery is determined by the parties' claims and defenses. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 n.37 (11th Cir. 1997). The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Bright v. Frix*, No. 8:12-cv-1163-T-35MAP, 2016 WL 1011441, at *1 (M.D. Fla. Jan. 22, 2016). "Evidence is relevant if it has any tendency to make the existence of any fact or consequence more or less probable than it would be without the evidence." *Gonzalez v. ETourandTravel, Inc.*, No. 6:13-cv-827-Orl-36TBS, 2014 WL 1250034, at *2 (M.D. Fla. Mar. 26, 2014) (citing *United States v. Capers*, 708 F.3d 1286, 1308 (11th Cir. 2013)).

With regard to the proportionality requirement of amended Fed. R. Civ. P. 26(b)(1), the advisory committee notes explain:

The present amendment restores the proportionality factors to their original place in defining the scope of discovery. This change reinforces the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections. Restoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality, and *the change does not place on the party seeking discovery the*

*burden of addressing all proportionality considerations. Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional.* The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.

. . . A party claiming undue burden or expense ordinarily has far better information – perhaps the only information – with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, *using all the information provided by the parties*, is to consider these and all the other factors in reaching *a case-specific determination of the appropriate scope of discovery*.

Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment (emphasis added); *see also*

*Sibley v. Choice Hotels Int'l*, No. CV 14-634 (JS)(AYS), 2015 WL 9413101, at *2 (E.D.N.Y.

Dec. 22, 2015) (discussing the 2015 amendments); *Carr v. State Farm Mut. Auto. Ins., Co.*, 312

F.R.D. 459, 463-469 (N.D. Tex. 2015) (same); *Herrera-Velazquez v. Plantation Sweets, Inc.*, No.

CV614-127, 2016 WL 183058, at *4 n.6 (S.D. Ga. Jan. 14, 2016) (same); *Vaigasi v. Solow*

*Mgmt. Corp.*, No. 11CIV5088RMBHBP, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016)

(same).

Applying these standards and principles, the Court addresses the merits of the parties'

outstanding discovery disputes below.

**B.    Analysis**

The Court notes that this action arises out of an alleged pollutant contamination of real

property in DeSoto County, Florida now owned by Plaintiff Noel D. Clark. (*See* Doc. 243).

Previously in this action, on February 3, 2017, the Honorable John E. Steele entered an Opinion

and Order (Doc. 242) dismissing all counts against all Defendants except Counts I and IV against

Defendant Hercules. (*Id.* at 51). The Court entered a Modified Fourth Amended Complaint

(Doc. 243) on February 3, 2017. Defendant Hercules filed its Amended Answer to Plaintiff's

Fourth Amended Complaint (Doc. 246) on February 22, 2017. These documents set forth the remaining claims and defenses in this litigation.

Defendant's outstanding discovery requests relate to its Interrogatories Nos. 1-2, 5-10, 12, 15, 22-23, 25-28, 40, and 43-45. The Court will analyze each of Defendant's outstanding interrogatories, and the parties' arguments as to each, in turn below.

**Interrogatory No. 1**

Defendant's Interrogatory No. 1 requests that Plaintiff "[i]dentify all oral and written communications between you and any other person or entity concerning the claims or defenses asserted in this action." (Doc. 247 at 3).

Plaintiff's written response to this interrogatory was "[m]oot question." (Doc. 247-2 at 1).

In support of its Motion to Compel, Defendant argues that "Interrogatory no. 1 goes directly to Clark's claims and defenses in this matter. It is by definition not 'moot,' as Clark contends, and must be answered." (*Id.* at 7).

Plaintiff's response to Defendant's Motion states that Interrogatory No. 1 "[v]iolates Federal rules limiting Hercules to 25. Also is ambiguous and not designated as to which collective Defendant was propounding Interrogatory # 1." (Doc. 248 at 2).

As an initial matter, the Court notes that the parties previously had discovery disputes regarding the number of interrogatories Defendants may propound. Specifically, Plaintiff previously filed his Motion to Strike Hercules Defendants [sic] First Set of Interrogatories to Plaintiff Clark (Doc. 232-2), which the Court construed as a motion for protective order. (*See* Doc. 239 at 3). Plaintiff argued that the number of interrogatories propounded by Defendants Ashland, Inc. and Hercules exceeded the amount allowed by Fed. R. Civ. P. 33(a). (Doc. 232-2

at 1). After review, the Court found that, with subparts, Defendants Ashland, Inc. and Hercules served interrogatories well in excess of the fifty (50) they are allowed by Rule when combined. (Doc. 239 at 3). Despite this ruling, the Court allowed Defendants Ashland, Inc. and Hercules to propound new interrogatories to Plaintiff that complied with Fed. R. Civ. P. 33(a) within thirty (30) days from the date of that Order. (*Id.*). Plaintiff's responses to any new interrogatories were not due, however, until thirty (30) days after discovery resumed in this case pursuant to the Court's October 27, 2016 Order (Doc. 237). (*Id.*).[1]

In light of that Order, on December 21, 2016, Hercules and former defendants Ashland, Inc., Tim Hassett, and Carolyn Cooper served additional Interrogatories. (Doc. 247 at 2). Defendant states that, although they were allowed one hundred (100) interrogatories when combined, they only served forty-five (45) interrogatories. (*Id.*). Defendant Hercules states that Plaintiff failed to serve responses to the interrogatories. (*Id.*).

After this time, Defendant notes that, on February 3, 2017, the Court dismissed all other Defendants except Hercules. (*Id.*). Defendant states that, on March 21, 2017, it received belated responses to twenty-three (23) interrogatories selected at the sole discretion of Plaintiff. (*Id.* at 3). Defendant states that it then sent a letter to Plaintiff acknowledging that it may only maintain twenty-five (25) interrogatories, but Defendant rejected Plaintiff's "attempt to dictate" which twenty-five (25) interrogatories it would maintain. (*Id.*). Defendant states that it expressly withdrew several interrogatories and identified only twenty (20) interrogatories to which responses or supplemental responses are sought from Plaintiff. (*Id.*).

---

[1] The October 27, 2016 Order held all discovery in abeyance for a period of ninety (90) days. (Doc. 237 at 2). The Court further stated that "[i]f the presiding District Judge has not resolved the pending Motions to Dismiss (Docs. 196, 213, 214, and 215) by the expiration of the ninety (90) day period, then Defendants may file an appropriate motion seeking to hold discovery in abeyance for an additional appropriate period of time." (*Id.* at 2-3).

In response, Plaintiff contests Defendant's assertions. (Doc. 248 at 1-2). Specifically, Plaintiff argues that "[t]he Court stayed all discovery until its ruling and Order on all motions to dismiss." (*Id.* at 1). Plaintiff argues that "[t]he Defendants collectively filed Interrogatories that were prematurely filed and became a clear violation of Federal rules after the courts [sic] Order dismissing all of the collective Defendants and the discovery stay was lifted leaving only Hercules Inc." (*Id.*). Plaintiff argues that "Hercules is allowed 25 answers total pursuant to Federal Rules" and that "Defendants [sic] conveniently leaves plaintiffs [sic] answers to Interrogatories 14 thru 35 off their Exhibit B." (*Id.* at 1-2). Plaintiff argues that "Hercules is the party violating Federal rules" and that "Plaintiff was awaiting a proper amended set of Interrogatories that did not timely come and to comply [sic] did answer 25 questions." (*Id.* at 2).

Upon review, contrary to Plaintiff's assertion, the Court did not stay discovery but, rather, held all discovery in abeyance for a period of ninety (90) days pending resolution of Defendants' pending Motions to Dismiss (Docs. 196, 213, 214, and 215). (Doc. 237 at 2-3). The Court stated that Defendants could file an additional motion at the expiration of the ninety (90) days to continue to hold discovery in abeyance. (*Id.* at 3). While Defendants filed an additional Motion to Hold Discovery in Abeyance Pending Resolution of Dispositive Motions (Doc. 40), the Court ultimately denied that Motion as moot because Judge Steele entered his Opinion and Order resolving the motions to dismiss. (Doc. 244). Thus, discovery resumed at the end of the ninety (90) day period outlined in the October 27, 2016 Order (Doc. 237). The ninety (90) day period expired on January 25, 2017. Pursuant to the Order granting Plaintiff's motion for a protective Order, Plaintiff was required to respond to Defendant's interrogatories thirty (30) days after discovery resumed. (Doc. 239 at 3). Thirty (30) days after January 25,

2017 was February 24, 2017. Plaintiff, however, did not respond to the interrogatories until March 21, 2017. (Doc. 247 at 2).

Despite what appears to be late responses to the interrogatories, Plaintiff states that he was "awaiting a proper amended set of Interrogatories that did not timely come and to comply [sic] did answer 25 questions." (*Id.*). The Court agrees with Plaintiff that, after the other Defendants were dismissed, Hercules should have served an amended set of interrogatories. Not doing so substantially contributed to the present problems. At the time all the other Defendants were dismissed, forty-five (45) interrogatories were outstanding, which is facially more than the twenty-five (25) interrogatories Defendant Hercules could maintain on its own. *See* Fed. R. Civ. P. 33(a). Moreover, it is clear that Plaintiff specifically contests Defendant's assertion that Plaintiff self-selected twenty-three (23) of the interrogatories to answer. (Doc. 248 at 2). Specifically, Plaintiff states that "Defendants [sic] conveniently leaves plaintiffs [sic] answers to Interrogatories 14 thru 35 off their Exhibit B." (*Id.* at 1-2). Thus, Plaintiff implies that he actually served answers to all forty-five (45) interrogatories propounded to him. (*See id.*).

Nonetheless, even if Plaintiff has already served answers for all forty-five (45) interrogatories, the Court may grant Defendant leave to serve additional interrogatories. *See* Fed. R. Civ. P. 33(a)(1). Furthermore, it is clear that Defendant contends Plaintiff's responses are incomplete. Upon review, the Court finds that addressing the merits of Defendant's Motion to Compel – instead of addressing whether Defendant propounded interrogatories in excess of the amount allowed by Rule – is beneficial for the parties and the Court. Thus, to the extent necessary, the Court expressly overrules Plaintiff's objections regarding any violation by Defendant that the amount of interrogatories it propounded violates the twenty-five (25) interrogatory limit. Stated differently, even if any of Defendant's interrogatories may be

considered in excess of the twenty-five (25) interrogatories allowed by Rule, the Court expressly permits those interrogatories here.

Turning to the substantive issues raised by the parties regarding Interrogatory No. 1, upon review, the Court agrees with Defendant that Interrogatory No. 1 "goes directly to Clark's claims and defenses in this matter" and, therefore, is not moot. (*See* Doc. 247 at 7). Specifically, Defendant is seeking communications between Plaintiff and any other person related to the claims and defenses in this action. (Doc. 247 at 3). This interrogatory is certainly within the scope of discovery because it specifically seeks information pertaining to the parties' claims and defenses. *See Chudasama*, 123 F.3d at 1368 n.37.

Furthermore, while Plaintiff argues that Defendant's interrogatory is ambiguous because the interrogatory was "not designated as to which collective Defendant was propounding," (Doc. 248 at 2), the Court notes that the interrogatory seeks information concerning communications between Plaintiff and any other person or entity concerning the claims or defenses asserted in this action, (Doc. 247 at 3). The interrogatory does not appear to be limited to any particular Defendant. (*See id.*). Regardless, only Defendant Hercules remains. Thus, the only remaining Defendant propounding the interrogatory is Hercules.

As a final matter, while Plaintiff argues that this interrogatory is moot, the Court notes that his claims against Hercules remain. Thus, the communications Plaintiff may have had with any person regarding his surviving claims and defenses against Defendant Hercules remain relevant.

In sum, the Court overrules Plaintiff's objections and grants Defendant's Motion on this ground. Plaintiff must serve a supplemental written answer to Interrogatory No. 1 that complies fully with Fed. R. Civ. P. 33(b)(3)—*i.e.*, Plaintiff must separately and fully answer the

Interrogatory in writing and under oath no later than fourteen (14) days from the date of this Order.

**Interrogatory No. 2**

Defendant's Interrogatory No. 2 states, "[i]f you contend that any party to this action has made an admission with regard to the subject matter of this litigation, identify each admission and the party making it." (Doc. 247 at 3-4).

Defendant states in its motion that Plaintiff gave no response to this interrogatory. (*Id.* at 4). A review of the exhibit attached to Defendant's Motion, however, shows that Plaintiff gave the following response "[Illegible] stated to Judge [illegible] that Hercules not qualified to do any environmental work themselves and was required to hire a qualified contractor[.] Document already filed in evidence shows Hercules liable." (Doc. 247-2 at 1).

While Defendant contends that Plaintiff should be compelled to respond, upon review, it appears that Plaintiff has, in fact, responded to this interrogatory. Defendant made no argument regarding the sufficiency of this response. As such, Defendant's Motion is denied as to Interrogatory No. 2.

**Interrogatory No. 5**

Defendant's Interrogatory No. 5 states "[i]dentify any evidence you claim has been destroyed or spoliated." (Doc. 247 at 4).

Plaintiff's response was "filed in case." (Doc. 247-2 at 1).

Defendant argues that "Interrogatory no. 5, seeks the factual bases for Clark's specific allegation in the [Modified Fourth Amended Complaint] that Hercules destroyed or spoliated evidence." (Doc. 247 at 7 (citing Doc. 243 at ¶ 128)). Defendant argues that Plaintiff's "cryptic response, '[f]iled in case,' is inappropriate and must be supplemented." (*Id.*).

In responding to Defendant's Motion, Plaintiff only states that Interrogatory No. 5 was "[a]nswered." (Doc. 248 at 2).

Upon review, the Court finds that Plaintiff's response is insufficient. Even if relevant information is "filed in case," Fed. R. Civ. P. 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." As a result, Plaintiff is required to answer the interrogatory, in writing, "separately and fully" even if he has already provided the same information elsewhere. *See id.* Here, Plaintiff has not done so. (*See* Doc. 247-2 at 1). Thus, Defendant's Motion is granted as to this interrogatory. Plaintiff must serve a supplemental, written answer to Defendant's Interrogatory No. 5 that complies with Fed. R. Civ. P. 33(b)(3) no later than fourteen (14) days from the date of this Order.

**Interrogatory No. 6**

Defendant's Interrogatory No. 6 states "[i]dentify all doctors or other health or medical professionals you have seen since 1991 and for each, provide a HIPAA-compliant authorization to obtain all medicals records from 1991 to the present." (Doc. 247 at 4).

As with Interrogatory No. 5, the response Plaintiff served Defendant stated "filed in case." (Doc. 247-2 at 1).

In support of its Motion, Defendant states that "Interrogatory no. 6 seeks information concerning Clark's health care providers and seeks HIPAA-compliant authorizations." (Doc. 247 at 7). Defendant argues that "the plain language of the statute upon which all of Clark's claims are based" prohibits recovery of personal injuries. (*Id.* at 8 (citing Fla. Stat. § 376.031(5))). Nonetheless, because Plaintiff "has attempted to place his health squarely at issue in this matter by asserting that he is entitled to damages for his alleged personal injuries," Defendant argues that "interrogatory no. 6 goes to the heart of his claim and needs to be

responded to substantively, including with the provision of the requested HIPAA authorizations for the release of Clark's medical records." (*Id.* at 7-9).

In response, Plaintiff contends that Interrogatory No. 6 has been "[a]nswered." (Doc. 248 at 1). Alternatively, Plaintiff states that "the same objections to # 1 would clearly apply and Defendants have not attached any HIPPA forms as exhibits for Hercules as sole Defendants as none have been presented to Plaintiff." (*Id.*). Further, Plaintiff indicates that he is, in fact, still seeking damages for personal injuries. (*Id.* at 3-4; *see also* Doc. 247-4 at 2).

Upon review, for the same reasons stated above as to Interrogatory No. 1, the Court overrules Plaintiff's objections as to the amount of interrogatories and the ambiguity of the propounding Defendant. Additionally, while Defendant contends that Plaintiff's claims for personal injuries are improper given the governing law, those claims have not been dismissed from this action, and Plaintiff is still seeking damages related to those claims. The Court declines to address, on a discovery motion, whether Plaintiff's claims for damages are proper under the governing law. At this point, because Plaintiff's claims for damages for personal injury have not been dismissed, the information Defendant seeks regarding Plaintiff's doctors and other health or medical professionals, and the medical records relating to those providers, are relevant to Plaintiff's claims in this case. Because that information is relevant, it is subject to discovery. *See Chudasama*, 123 F.3d at 1368 n.37.

Furthermore, upon review of Plaintiff's response to Interrogatory No. 6, the Court finds that Plaintiff's response "filed in case" is insufficient to answer the interrogatory. Pursuant to Fed. R. Civ. P. 33(b)(3), Plaintiff must answer Interrogatory No. 6 separately and fully in writing under oath. Here, Plaintiff has not done so. (Doc. 247-2 at 1).

Accordingly, Defendant's Motion is granted as to this interrogatory. Plaintiff must serve a supplemental, written answer to Defendant's Interrogatory No. 6 no later than fourteen (14) days from the date of this Order. Additionally, because it is unclear whether Defendant actually provided a HIPAA authorization to Plaintiff, the Court will require Defendant to send to Plaintiff new HIPAA authorization form(s). Plaintiff must sign the form(s) and provide the form(s) to Defendant with his supplemental, written answers to Interrogatory No. 6 so that Defendant may obtain any records related to Plaintiff's response.

**Interrogatory No. 7**

Defendant's Interrogatory No. 7 requests that Plaintiff "[s]tate all bases for your allegation in paragraph 18 of the Complaint that 'from 1972 to 1978' Hercules "intentionally violat[ed] Florida State and Florida Environmental Laws." (Doc. 247 at 4).

In response to the interrogatory, Plaintiff wrote "[e]ach day from 1972 thru [sic] today is a separate discharge violation of state and federal environmental laws. (no brainer)." (Doc. 247-2 at 1).

In its Motion, Defendant contends that Plaintiff's answer is "insufficient" as it only restates "the contentions in the [Modified Fourth Amended Complaint] for which each respective interrogatory seeks the factual bases, instead of providing the actual factual bases (or alternatively, advising that none exist)." (Doc. 247 at 9).

In response, Plaintiff maintains that this interrogatory has been "answered." (Doc. 248 at 2).

Upon review, the Court agrees with Defendant and finds that Plaintiff's answer is insufficient. Pursuant to Fed. R. Civ. P. 33(b)(3), Plaintiff must answer Interrogatory No. 7, to the extent it is not objected to, *separately and fully* in writing under oath. Here, however,

Plaintiff has only given a general statement as to why Hercules "intentionally violat[ed] Florida State and Florida Environmental Laws."  Thus, the Court finds that Plaintiff's statement – [e]ach day from 1972 thru [sic] today is a separate discharge violation of state and federal environmental laws. (no brainer)," (Doc. 247-2 at 1) – is insufficient under the Rule. Accordingly, Defendant's Motion is granted on this ground.  Plaintiff must serve a supplemental answer to Defendant's Interrogatory No. 7 no later than fourteen (14) days from the date of this Order, stating the factual basis for his assertion in Paragraph 18 of his Modified Fourth Amended Complaint (Doc. 243).

**Interrogatory Nos. 8, 9, and 10**

Defendant's Interrogatory No. 8 requests that Plaintiff "[s]tate all bases for your allegation in paragraph 22 of the Complaint that 'Hercules negligently, recklessly, and illegally abandoned the stumping operations of the facility and willfully left their hazardous and toxic contaminated site in violation of Florida statutes 376.'"  (Doc. 247 at 4).

Defendant's Interrogatory No. 9 requests:

> State all bases for your allegation in paragraph 22 of the Complaint that "Hercules improperly released, discharged, disposed of, deposited, injected, dumped, spilled, leaked, abandoned and placed industrial waste, solid waste, hazardous waste, hazardous constituents, toxic substances, noxious substances and other chemical waste or discarded materials, despite knowledge of the hazardous noxious nature of said waste."

(*Id.* at 4-5).

Defendant's Interrogatory No. 10 requests "[s]tate all bases for your allegation in paragraph 22 of the Complaint that 'Hercules knew the contaminates [sic] also were affecting the surrounding area,' including the Property, and that 'these areas would continue to be exposed to said contamination.'"  (*Id.* at 5).

Plaintiff's response to these three interrogatories was "[s]ame as #7."  (Doc. 247-2 at 1).

In its Motion, Defendant contends that Plaintiff's answers to these interrogatories are "insufficient" as they only restate "the contentions in the [Modified Fourth Amended Complaint] for which each respective interrogatory seeks the factual bases, instead of providing the actual factual bases (or alternatively, advising that none exist)." (Doc. 247 at 9).

In response, Plaintiff maintains that these interrogatories have been "answered." (Doc. 248 at 2).

Upon review, for the same reasons articulated above as to Defendant's Interrogatory No. 7, the Court agrees with Defendant and finds that Plaintiff's answers are insufficient. Accordingly, Defendant's Motion is granted on this ground. Plaintiff must serve a supplemental, written answer to Defendant's Interrogatory Nos. 8, 9, and 10, no later than fourteen (14) days from the date of this Order, stating the factual bases for his assertions in Paragraph 22 of his Modified Fourth Amended Complaint (Doc. 243).

**Interrogatory No. 12**

Defendant's Interrogatory No. 12 requests "[s]tate all bases for your allegation in paragraph 24 of the Complaint that waste on Hercules's 'former site' 'daily kills and damages humans, animals, and property that it comes into contact with.'" (Doc. 247 at 5).

Plaintiff's response to this interrogatory was "116 dead cows[,] dead goat[,] chicken and all animals on the site. Killed Betsy Callaway." (Doc. 247-2 at 1).

Upon review, the Court finds that Plaintiff's answer is minimally responsive to the interrogatory and provides a sufficient description of the factual basis for the referenced allegation of the Complaint. As such, Defendant's Motion is denied on this ground.

**Interrogatory No. 15**

Defendant's Interrogatory No. 15 states "[d]escribe in detail all steps you took to research the Property title, as alleged in paragraph 29 of the Complaint."  (Doc. 247 at 5).

Defendant contends that Plaintiff did not respond to this interrogatory.  (*Id.*).  Plaintiff, however, indicates in his response to Defendant's Motion that Defendant left Plaintiff's answers to Interrogatory Nos. 14-35 off its Exhibit B.  (Doc. 248 at 2).  Thus, Plaintiff appears to indicate that he served responses to those interrogatories, including Interrogatory No. 15.  (*See id.*).

Notwithstanding the parties' dispute over whether Plaintiff responded, those answers, if they exist, are not part of the record before the Court.  Moreover, the Court notes that Plaintiff's response to the Motion asserts various objections to this interrogatory.  (*Id.*).  Specifically, Plaintiff asserts that "[t]he same objection to # 1 clearly apply."  (*Id.*).  Additionally, Plaintiff contends that Interrogatory No. 15 "is a sly ploy to get another bite at apple on the courts [sic] Order on the motions to dismiss."  (*Id.* at 3).  Plaintiff states that "Hercules is not satisfied with the Courts [sic] unambiguous Order and is seeking relief not even sought in their motion to dismiss.  The remaining counts allows [sic] damages including personal.  Plaintiff certainly does not still seek damages in the dismissed personal Injury count as Hercules is suggesting[.]"  (*Id.* at 3-4).  The Court addresses these objections here.

Upon review, for the same reasons articulated above for Interrogatory No. 1, the Court overrules Plaintiff's objections as to the amount of interrogatories and the ambiguity of the propounding Defendant.  Moreover, the Court finds that Defendant's Interrogatory No. 15 seeks information relevant to Plaintiff's claims in the Modified Fourth Amended Complaint.  Specifically, this interrogatory seeks information related to the property that is the subject of this litigation.  (*See* Doc. 247 at 5).  Thus, the Court finds that Plaintiff must be required to respond

to this interrogatory. Accordingly, Defendant's Motion is granted as to this interrogatory. Plaintiff must serve a supplemental, written answer to Defendant's Interrogatory No. 15 no later than fourteen (14) days from the date of this Order.

**Interrogatory Nos. 22, 23, 25, and 26**

Defendant's Interrogatory No. 22 requests "[s]tate all bases for your contention in paragraph 59 of the Complaint that 'these metal pipes and tanks are now rusted and leaking, leaching concentrated hazardous wastes into the soil and groundwater.'" (Doc. 247 at 5).

Defendant's Interrogatory No. 23 requests "[s]tate all bases for your allegation in paragraph 60 of the Complaint that '[t]oxic air emissions of benzene and the many other hazardous wastes and chemicals into the ambient air surrounding Plaintiff Calloway's home, also surrounding Plaintiff Clark's home and the entire site.'" (*Id.* at 5-6).

Defendant's Interrogatory No. 25 requests "[s]tate all bases for your allegation in paragraph 75 of the Complaint that '[i]n 2008,' you 'could have sold the entire 81 acres for 20 thousand dollars per acre, plus the value of their improvements.'" (*Id.* at 6).

Defendant's Interrogatory No. 26 requests "[s]tate all bases for your allegation in paragraph 77 of the Complaint that 'stigma and adverse perception' with respect to the Property is 'real, ongoing and continuing and will continue to cause substantial depressed market value for such property in the future.'" (*Id.*).

As with Interrogatory No. 15, it is unclear whether Plaintiff served a written response to Defendant for these interrogatories. Nonetheless, those answers, if they exist, are not part of the record before the Court. Moreover, Plaintiff's response to the Motion asserts that "[t]he same objection to # 1 clearly apply." (Doc. 248 at 2). Additionally, Plaintiff states that Interrogatory

Nos. 16-26 "are denied and disputed." (*Id.* at 4). Thus, the Court addresses Plaintiff's objections here.

Upon review, for the same reasons articulated above for Interrogatory No. 1, the Court overrules Plaintiff's objections as to the amount of interrogatories and the ambiguity of the propounding Defendant. Moreover, the Court finds that Defendant's Interrogatory Nos. 22, 23, 25, and 26 seek information relevant to claims from Plaintiff's Modified Fourth Amended Complaint. Specifically, each of these interrogatories points to specific paragraphs in the complaint and seeks information related to them. Thus, the Court finds that Plaintiff must be required to respond to these interrogatories. Accordingly, Defendant's Motion is granted as to these interrogatories. Plaintiff must serve a supplemental, written answer to Defendant's Interrogatory Nos. 22, 23, 25, and 26 no later than fourteen (14) days from the date of this Order.

**Interrogatory No. 27**

Defendant's Interrogatory No. 27 states "[i]dentify the 'instructions' provided by your 'doctor' as alleged in paragraph 79 of the Complaint." (Doc. 247 at 6).

As with the interrogatories above, it is unclear whether Plaintiff served a written response to Defendant. Nonetheless, those answers, if they exist, are not part of the record before the Court. Moreover, it does not appear that Plaintiff asserted any additional objections as to this interrogatory in his response to Defendant's Motion. (*See* Doc. 248 at 4).

Upon review, the Court finds that Defendant's Interrogatory No. 27 seeks information relevant to claims from Plaintiff's Modified Fourth Amended Complaint. Specifically, this interrogatory points to a specific paragraph in the complaint and seeks information related to it. Thus, the Court finds that Plaintiff must be required to respond to this interrogatory. Accordingly, Defendant's Motion is granted as to this interrogatory. Plaintiff must serve a

supplemental, written answer to Defendant's Interrogatory No. 27 no later than fourteen (14) days from the date of this Order.

**Interrogatory No. 28**

Defendant's Interrogatory No. 28 states "[d]escribe how you complied (if at all) with the 'instructions' provided by your 'doctor' as alleged in paragraph 79 of the Complaint." (Doc. 247 at 6).

As with the interrogatories above, it is unclear whether Plaintiff served a written response to Defendant. Nonetheless, those answers, if they exist, are not part of the record before the Court. Moreover, Plaintiff has stated an objection in his response to the Motion, asserting that "[t]he same objection to # 1 clearly apply." (Doc. 248 at 2). Thus, the Court will address Plaintiff's objection here.

For the same reasons articulated above for Interrogatory No. 1, the Court overrules Plaintiff's objections as to the amount of interrogatories and the ambiguity of the propounding Defendant. Moreover, the Court finds that Defendant's Interrogatory No. 28 seeks information relevant to claims from Plaintiff's Modified Fourth Amended Complaint. Specifically, this interrogatory points to a specific paragraph in the complaint and seeks information related to the factual allegations set out therein. Thus, the Court finds that Plaintiff must be required to respond to this interrogatory. Accordingly, Defendant's Motion is granted as to this interrogatory. Plaintiff must serve a supplemental, written answer to Defendant's Interrogatory No. 28 no later than fourteen (14) days from the date of this Order.

**Interrogatory No. 40**

Defendant's Interrogatory No. 40 requests "[s]tate all bases for your allegation in paragraph 128 of the Complaint that '[t]o hide the majority not lying on the surface Hercules buried the chemical waste 2-3 feet down and covered over it with fill.'" (Doc. 247 at 6).

In his written response, Plaintiff stated "fact." (Doc. 247-2 at 2).

On this point, Defendant contends that "Plaintiff's response to interrogatory no. 40 is improper because he merely replies 'fact' in response to being asked for all factual bases for a material allegation in the [Modified Fourth Amended Complaint]." (Doc. 247 at 9). Defendant states that "the purpose of the interrogatory is to understand Clark's basis" for his contention that the statement is a fact. (*Id.*).

For his part, Plaintiff contends that Interrogatory No. 40 has been "answered." (Doc. 248 at 3).

Upon review, the Court finds that Plaintiff's answer is insufficient. As stated above, pursuant to Fed. R. Civ. P. 33(b)(3), Plaintiff must answer an interrogatory, to the extent it is not objected to, *separately and fully* in writing under oath. Here, however, Plaintiff only stated one word – "fact" – in response. (Doc. 247-2 at 2). The Court finds that this response is meaningless and insufficient under the Rule. Accordingly, Defendant's Motion is granted on this ground. Plaintiff must serve a supplemental, written answer to Defendant's Interrogatory No. 40, no later than fourteen (14) days from the date of this Order, stating the factual bases he has for his assertion.

**Interrogatory No. 43**

Defendant's Interrogatory No. 43 states "[i]dentify all persons you intend to call as a witness (both fact and expert) at trial." (Doc. 247 at 7).

In his written response, Plaintiff gave the statement "already provided."  (Doc. 247-2 at 2).

On this point, Defendant contends that Plaintiff has not already identified the persons he intends to call at trial.  (Doc. 247 at 9).

Plaintiff argues, however, that this question has already been "answered."  (Doc. 248 at 3).

Upon review, the Court finds that Plaintiff's answer is insufficient.  As stated above, pursuant to Fed. R. Civ. P. 33(b)(3), Plaintiff must answer an interrogatory, to the extent it is not objected to, *separately and fully* in writing under oath.  Here, however, Plaintiff has not stated separately or fully the persons he intends to call as a witness at trial.  Thus, the Court finds that Plaintiff's previous written response is insufficient under the Rule.  Accordingly, Defendant's Motion is granted on this ground.  Plaintiff must serve a supplemental, written answer to Defendant's Interrogatory No. 43, no later than fourteen (14) days from the date of this Order, stating the "persons [Plaintiff] intend to call as a witness (both fact and expert) at trial."

**Interrogatory No. 44**

Defendant's Interrogatory No. 44 states "[i]dentify the names and addresses of all persons you have retained or specially employed in anticipation of litigation or preparation for trial and whom you do not expect to call as a witness at trial."  (Doc. 247 at 7).

In his written response, Plaintiff gave the statement "not relevant."  (Doc. 247-2 at 2).

On this point, Defendant contends that Interrogatory No. 44 is a "standard interrogatory going to basic issues" to which Plaintiff must provide a response.  (Doc. 247 at 9).

Plaintiff argues that this interrogatory has already been "answered."  (Doc. 248 at 3).

Upon review, the Court specifically overrules Plaintiff's objection that this information is not relevant. The Court finds that the persons Plaintiff retained or specially employed in anticipation of litigation or trial preparation are relevant to the claims and defenses in this litigation. Additionally, the Court notes that while "[o]rdinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial," Fed. R. Civ. P. 26(b)(4)(D), district courts in the Eleventh Circuit have nevertheless stated that the *identity* of such experts "would not be protected from disclosure by the rule." *Solidda Grp., S.A. v. Sharp Elecs. Corp.*, No. 12-24469-CIV-DIMITROULE, 2013 WL 12091057, at *7 (S.D. Fla. Mar. 19, 2013). Thus, without any specific objection by Plaintiff on this ground, the Court finds no reason to prevent Defendant from discovering the *identity* of any persons Plaintiff retained or specially employed in anticipation of litigation or preparation for trial and whom Plaintiff does not expect to call as a witness at trial. *See id.*

Accordingly, the Court finds that Defendant's Motion is due to be granted on this ground. Plaintiff must serve a supplemental, written answer to Defendant's Interrogatory No. 44, no later than fourteen (14) days from the date of this Order, stating the identity of any persons Plaintiff retained or specially employed in anticipation of litigation or preparation for trial and whom Plaintiff does not expect to call as a witness at trial.

**Interrogatory No. 45**

Defendant's Interrogatory No. 45 states "[i]dentify by docket number and court name all lawsuits to which you have been a party." (Doc. 247 at 7).

In his written response, Plaintiff wrote "See public records." (Doc. 247-2 at 2).

In its Motion, Defendant argues that Plaintiff "improperly directs Hercules to 'public records' in response to interrogatory no. 45, which asks for identification of all lawsuits to which Clark has been a party." (Doc. 247 at 9). Defendant argues that "[g]iven that Clark did not object to this interrogatory and that he has greater 'relative access' to the information it seeks, he ought to be ordered to produce that information." (*Id.* (internal citation to Fed. R. Civ. P. 26(b)(1) omitted)).

In his response to Defendant's Motion, Plaintiff argues that he "was a Real Estate Broker for apro. 25 years and file [sic] scores and scores of litigations along with many other cases and can't remember all the names." (Doc. 248 at 3). Additionally, Plaintiff states that he "is disabled and not able to go courthouse to courthouse and do Hercules Inc's leg work for them and plaintiff can't afford it." (*Id.*).

As indicated above, the scope of discovery is based on both relevance and proportionality. Fed. R. Civ. P. 26(b)(1). To determine relevance, the Court must look to the claims and defenses asserted. *Id.* To determine proportionality, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

As the proponent of this interrogatory, Defendant must demonstrate its relevance to the claims and defense in this litigation. Defendant has not done so. The Motion to Compel relating to this interrogatory is due to be denied on this basis alone.

Even assuming, *arguendo*, that the information sought by this interrogatory is potentially relevant to the claims and defenses in this litigation, the Court construes Plaintiff's answer as an

objection based upon burden and the lack of proportionality of this discovery to the needs of this case. On this point, Plaintiff has alleged that he is disabled and unable to afford an exhaustive search to detail his past litigation experiences. (Doc. 248 at 3). The Court finds that the burden on Plaintiff to provide a complete answer to this interrogatory would be disproportionate to the needs of the case. Accordingly, Defendant's Motion is denied on this ground.

## II.       Defendant's Request for a Case Management Conference

In addition to the issues related to the interrogatories, Defendant also requests "scheduling a case management conference to address the matters concerning the scope and timing of discovery that have arisen in connection with Clark's non-compliance with his discovery obligations." (Doc. 247 at 1). Additionally, Defendant states that it wishes to discuss at a case management conference whether Plaintiff "is entitled to seek damages for alleged personal injuries" in light of the Court's ruling on Defendant Hercules' motion to dismiss. (*Id.*).

Upon consideration of Defendant's request, the Court finds that a case management conference would not be helpful at this time. This Order requires Plaintiff to submit supplemental, written responses to Defendant's outstanding discovery requests. Thus, Plaintiff has the opportunity to provide Defendant the relevant, outstanding interrogatory answers it seeks. The Court may address, at a later time, any non-compliance by Plaintiff with this Order.

Moreover, while Defendant contends that Plaintiff is not entitled to any damages related to personal injury, the Court finds that this issue is more appropriately resolved by way of a separate, appropriate motion, not at a case management conference. Accordingly, the Court denies Defendant's Motion to the extent it requests a case management conference.

**III.**      **Case-Management Deadlines**

While the Court declines to conduct a case management conference at this time, the Court nevertheless finds that extensions of the remaining case management deadlines will be beneficial to the parties and the Court. Accordingly, the Court will extend the remaining case management deadlines by ninety (90) days. With this extension, the Court expects the parties to complete all remaining discovery timely. Moreover, the Court is not inclined to grant any further extensions of time. The Court will enter an amended Case Management and Scheduling Order separately.

**IV.**      **Conclusion**

For the reasons articulated above, the Court hereby **ORDERS** that Defendant Hercules Inc.'s Motion to Compel Discovery Responses from Plaintiff and for a Case Management Conference (Doc. 247) is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

**DONE AND ORDERED** in Fort Myers, Florida on August 3, 2017.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties